### JONES *v.* TIDRICK.

Where in an action for work and labor done, and materials furnished, in the erection of a frame house, and for extra work on another house, there was an answer denying the indebtedness, and claiming damages, by way of set-off, for the failure of plaintiff to perform the work within the time fixed by the contract, for the erection of the house, and for damages for the unskillful manner in which the extra work on the other house was done; and where the defendant offered in evidence two receipts of plaintiff for money paid by defendant on the contract for the frame house: *Held,* That the receipts were properly admitted in evidence.

### *Appeal from the Polk District Court.*

THIS was an action for work and labor done, and materials furnished, in the erection of a house for defendant, and for extra work on a certain other frame house of defendant. There was an answer, denying the indebtedness, and a plea of set-off for damages, by reason of the failure of plaintiff to fulfill his contract in due time in the erection of the house, and also for damages incurred by defendant, by reason of the unskillful manner in which plaintiff did the work on the frame house, for which there is a charge for extra work in the bill of particulars. The evidence for the plaintiff shows, the work and materials were furnished by plaintiff, upon a brick house for defendant, except the charge for extra work on the frame building, the charge for which, amounted to $46.00. After plaintiff had closed his case, defendant offered in evidence two receipts of plaintiff, for money paid him by defendant, on the contract for building the frame house, amounting to $107.00; to the introduction of which, plaintiff objected; but the court overruled the objection, and suffered the receipts to go to the jury, to which plaintiff excepted. There was a verdict and judgment for defendant, and plaintiff appeals. The only error assigned, is the admission of the receipts in evidence.

*C. Bates*, for the appellant.

*Knapp & Caldwell*, for the appellee.

STOCKTON, J.—The receipts offered in evidence by defendant, if intended for no other purpose, may have been proper to lay the foundation for the defendant's claim for damages, by reason of the alleged failure of plaintiff to finish the frame building in a workmanlike manner.   As the bill of exceptions does not. pretend to set out the whole of the evidence in the cause, we cannot say that the receipts were not properly admitted by the court.   And the judgment is, therefore, affirmed.